UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TIFFANY VAUGHN,             ) | |
|                             ) | |
|         Plaintiff,          ) | |
|                             ) | |
|     v.                      ) | No. 1:23-cv-79-SNLJ |
|                             ) | |
| EBO LABS, et al.,           ) | |
|                             ) | |
|         Defendants.         ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of self-represented plaintiff Tiffany Vaughn for leave to commence this civil action without prepayment of the required filing fee. ECF No. 5. Having reviewed the motion and the financial information submitted in support, the Court finds it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating the court must accept factual allegations in the complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who has filed the instant 'Civil Complaint' against seven defendants: (1) EBO Labs ("EBO"); (2) Tony Thompson, co-owner of EBO; (3) Cody Tyler, co-owner and manager of EBO; (4) Kiersten Lamar, employee of EBO; (5) Missouri Children's Division ("MCD"); (6) Spring Cook, circuit manager for MCD; and (7) Lisa Bequette, caseworker

2

for MCD. ECF No. 1. Plaintiff indicates she is bringing this action pursuant to 42 U.S.C. § 1983. In doing so, she writes:

> Plaintiff[']s claimed violations consist of but are not limited to the following:
>
> > 45 CFR § 164.524
> > 18 U.S.C. § 1347
> > RSMO 191.227
> > 18 U.S.C. § 1349
> > 18 U.S.C. § 666
> > 18 U.S.C. § 241
> > Perjury
> > Forgery
> > Interference in Child Custody & Visitation
> > Violation of rights protected by HIPPA
> > Conspiracy Against Rights

*Id.* at 2-3.

Plaintiff alleges EBO contracts with MCD to provide urinalysis and hair follicle testing services. Plaintiff claims EBO provided false reports to MCD indicating plaintiff tested positive for illegal drugs when she should have tested negative. Plaintiff further contends that on one occasion defendant Tyler improperly signed her initials on a chain of custody form relating to a sample Plaintiff appears to deny was hers. Plaintiff claims defendants EBO, Thompson, and Tyler attempted to cover up their actions by denying a request for copies of her test results. Plaintiff asserts all defendants used the false results to ensure she was denied custody and visitation rights to her three children.

The complaint then provides five specific counts: (1) Count I: Negligence, Wantonness, and/or Willfulness; (2) Count II: Conspiracy Against Rights in violation of 18 U.S.C. § 241; (3) Count III: Forgery in violation of 18 U.S.C. § 471; (4) Count IV: HIPPA Rights; and (5) Count V: Interference in Child Custody and Visitation. ECF No. 1 at 6-8.

3

Her injuries are described as loss of reputation, employment, custody, visitation, authoritative image to her children, freedom, time, money, pain, suffering, and psychological symptoms. *Id.* at 8-9. For relief, plaintiff seeks compensatory and punitive damages in undisclosed amounts, court costs, an order "forcing Defendants MCD, Bequette, and Cook [to] notify Scott County Family Court of said wrongdoing so to correct such on the courts record," an order "forcing Defendants EBO, Thompson, Tyler, and Lamar to have a third-party audit and review any/all other test results that might be brought into question," an order requiring defendants to be trained properly, and an order requiring a review of MCD's policies and procedures. *Id.* at 10-11.

## Discussion

Having carefully reviewed plaintiff's complaint, the Court finds that the allegations brought against all defendants fail to state a claim.

The allegations asserted against all seven of the defendants fail to state a claim because plaintiff does not allege a violation of a right secured by the Constitution and laws of the United States. Specifically, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). A plaintiff bringing a § 1983 action must include in the complaint "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015).

Here, although plaintiff brings her complaint pursuant to § 1983, she does not allege the violation of a right secured by the Constitution and laws of the United States. Plaintiff asserts five specific counts under 18 U.S.C. § 241; 18 U.S.C. § 471; HIPPA; and Interference in Child Custody and Visitation. ECF No. 1 at 6-8. "There is no private right of action under HIPAA [45 CFR §

4

164.524], either via § 1983 or through an implied right of action[.]" *Jones v. Davis*, 2016 WL 1090629, at *2 (E.D. Mo. Mar. 21, 2016). *See also Mod. Orthopaedics of New Jersey v. Horizon Healthcare Servs., Inc.*, 2022 WL 3211417, at *4 (D.N.J. Aug. 8, 2022) (there is no private action for a claim that an individual has a right to access their protected health information). Similarly, there is no private cause of action under 18 U.S.C. § 241, 18 U.S.C. § 666, 18 U.S.C. § 1347, and 18 U.S.C. § 1349 because they are criminal statutes. *See U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241, even though the statute allows federal authorities to pursue criminal charges"); *Jason v. Grp. Health Co-op. Inc.*, 2013 WL 3070592 (9th Cir. 2013) ("there is no private right of action under 18 U.S.C. § 1347, which defines a party's criminal liability for Medicare fraud); *Grant v. Alperovich*, 2013 WL 6490596, at *5 (W.D. Wash. Dec. 10, 2013) ("neither 18 U.S.C. § 1347 or 18 U.S.C. § 1349 provides a private right of action"); *Myers v. Davenport*, 2014 WL 2805278, at *1 (D. Mass. June 18, 2014) ("there is no authority to permit a private cause of action under this criminal statute [18 U.S.C. § 666]."). While § 1983 can provide a federal cause of action against a state actor who deprives an individual of his or her rights under the Constitution or laws of the United States, plaintiff has not alleged any such deprivation.

As to plaintiff's claim regarding "interference in child custody and visitation" against defendants, claims of wrongdoing in conjunction with state court child custody proceedings are subject to dismissal pursuant to the domestic relations exception to federal jurisdiction. "The domestic relations exception, first articulated in *Barber v. Barber*, 62 U.S. 582, 584 (1858), divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994) (internal citation amended). Even "when a cause of action closely relates to but does not precisely fit into the

5

contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id*. This Court cannot change state custodial determinations. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (holding that questions concerning child custody are left entirely to state courts to answer).

Additionally, plaintiff's official capacity claims against the MCD, caseworker Bequette, and case circuit manager Cook do not survive initial review because MCD is not a suable entity, and neither are its employees in their official capacities. "Missouri Children's Division is a state entity, and as such it is not a 'person' for purposes of § 1983." *Fischer v. Jefferson Cnty. Missouri Childrens Div.*, 2017 WL 2813428, at *2 (E.D. Mo. June 29, 2017) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). In fact, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71; *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"); *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) ("A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity."). Therefore, plaintiff's official capacity claims for monetary damages against MCD, Bequette, and Cook cannot proceed.

Lastly, as to plaintiff's official capacity claims against Thompson, Tyler, and Lamar, such claims also fail. Plaintiff alleges EBO is a private entity that contracts with the State to provide drug testing services, and Thompson, Tyler, and Lamar are agents of EBO. As noted above, an official capacity claim against an individual is a claim against that individual's employer. To support such a claim, plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *See Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). An

6

actionable injury is one that violates the United States Constitution or federal law. Here, as discussed above, plaintiff does not allege any facts supporting the existence of an unconstitutional policy or custom. Instead, plaintiff attempts to hold defendants liable under criminal or HIPPA statutes where there is no private right of action.

Thus, liberally construing the complaint, plaintiff's allegations against defendants will be dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

### Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 2. This motion will be denied as moot as this action is being dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of July, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE