UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TIFFANY VAUGHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:23-cv-79-SNLJ |
| | ) |
| EBO LABS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This closed case is before the Court upon self-represented litigant Tiffany Vaughn's 'Motion to Reconsider.' ECF No. 10. Within the motion, plaintiff requests leave to amend her dismissed complaint. For the reasons discussed below, the motion will be denied.

**Background**

On May 15, 2023, plaintiff initiated this case by filing a 'Civil Complaint' against seven defendants: (1) EBO Labs ("EBO"); (2) Tony Thompson, co-owner of EBO; (3) Cody Tyler, co-owner and manager of EBO; (4) Kiersten Lamar, employee of EBO; (5) Missouri Children's Division ("MCD"); (6) Spring Cook, circuit manager for MCD; and (7) Lisa Bequette, caseworker for MCD. ECF No. 1.

Under the section titled, '42 USC 1983 Claimed Violations,' plaintiff indicated she was alleging claims pursuant to 45 CFR § 164.524, 18 U.S.C. § 1347, RSMO 191.227, 18 U.S.C. § 1349, 18 U.S.C. § 666, and 18 U.S.C. § 241. *Id.* at 2. Plaintiff also listed perjury, forgery, interference in child custody and visitation, HIPPA, and conspiracy as claimed violations. *Id.* at 2-3. Later in the complaint, plaintiff provided five specific counts against the defendants: (1) Count I: Negligence, Wantonness, and/or Willfulness; (2) Count II: Conspiracy Against Rights in

violation of 18 U.S.C. § 241; (3) Count III: Forgery in violation of 18 U.S.C. § 471; (4) Count IV: HIPPA Rights; and (5) Count V: Interference in Child Custody and Visitation. ECF No. 1 at 6-8.

Under the section titled, 'Statement of Facts,' plaintiff alleged EBO contracted with MCD to provide urinalysis and hair follicle testing services. She claimed EBO provided false reports to MCD indicating she tested positive for illegal drugs when she should have tested negative. Plaintiff further contended that on one occasion defendant Tyler improperly signed her initials on a chain of custody form relating to a sample plaintiff denied was hers. Plaintiff claimed defendants EBO, Thompson, and Tyler attempted to cover up their actions by denying her a copy of her test results. Plaintiff believed the defendants used the false results to ensure she was denied custody and visitation rights to her three children.

On July 14, 2023, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915, and determined the allegations asserted against all seven of the defendants failed to state a claim because plaintiff did not allege a violation of a right secured by the Constitution and laws of the United States. ECF No. 8. The Court explained that the violations plaintiff asserted were brought under criminal and HIPPA statutes which provided no private cause of action, and claims regarding child custody and visitation decisions were subject to dismissal pursuant to the domestic relations exception to federal jurisdiction. *Id.* at 4-6. The Court further addressed the fact that the Missouri Children's Division is not a suable entity, nor are their employees in their official capacities. *Id.* at 6. Consequently, the Court dismissed this action for failure to state a claim upon which relief can be granted. ECF Nos. 8, 9.

## Motion to Reconsider

Plaintiff filed the instant 'Motion to Reconsider.' ECF No. 10. Within the motion, rather than seeking a reconsideration of the dismissal, plaintiff "request[s] leave to file an Amended

Complaint correcting the errors brought to light[.]" *Id.* at 1. Plaintiff then appears to assert her desire to file a new complaint alleging violations of the Fourth Amendment, Due Process, and Equal Protection. *Id.* at 2-3.

The Federal Rules of Civil Procedure do not authorize a motion to reconsider. *Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993). Where a motion to reconsider is made in response to a final order within the time allowed, as here, it should be construed as a motion under Rule 59(e). *Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000). District courts have broad discretion in deciding whether to grant a motion under Rule 59(e). *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (internal quotations omitted). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotation marks omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (quoting *Innovative Home Health Care*, 141 F.3d at 1286)).

Here, plaintiff does not assert that the Court made a manifest error of law or fact, nor does she present newly discovered evidence. Rather, plaintiff appears to tender new legal theories and raise arguments that could have been offered in her original complaint. As such, plaintiff has not established entitlement to relief under Rule 59(e). Plaintiffs' motion is denied.

As to plaintiff's request to amend her complaint, such a request will also be denied. Although a district court "should freely give leave [to amend] when justice so requires, Fed. R.

Civ. P. 15(a)(2), plaintiffs do not enjoy an absolute or automatic right to amend a deficient . . . [c]omplaint." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) (internal quotation omitted). "[I]nterests of finality dictate that leave to amend should be less freely available after a final order has been entered." *Id.* at 823. "Post-dismissal motions to amend are disfavored." *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d 1200, 1208 (8th Cir. 2010). Moreover, to preserve the right to amend the complaint, "a party must submit the proposed amendment along with its motion." *Clayton v. White Hall School Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) (internal citation omitted) ; *see also* Case Management/Electronic Case Filing Procedures Manual, Sec. II.B. Plaintiff has not attached a proposed amended complaint to her 'Motion to Reconsider.'

In situations like the one now before the Court, a post-dismissal motion for leave to amend "will be granted if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014). As discussed above, plaintiff has not established relief pursuant to Rule 59(e). To obtain relief under Rule 60(b), the moving party must show "'exceptional circumstances' warranting 'extraordinary relief.' " *Mask of Ka-Nefer-Nefer*, 752 F.3d at 743 (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)). Plaintiff makes no attempt to show such circumstances here, nor does it appear such circumstances are indeed present.

The Court will therefore deny plaintiff's post-judgment motion seeking leave to file an amended complaint. If plaintiff wishes to pursue a lawsuit against the defendants asserting different legal theories and grounds for relief, she must open a new case by filing a new complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's 'Motion to Reconsider' the dismissal of this action is **DENIED**. [ECF No. 10].

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank 'Civil Complaint' forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 27th day of July, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE